FILED
United States Court of Appeals
Tenth Circuit

June 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HERBERT BUCKLAND;
JANE BUCKLAND,

      Plaintiffs-Appellants,

v.

DOUGLAS BUCKLAND; DEPUTY
MONICA SMITH; DETECTIVE
DEWAYNE HALL; DETECTIVE
JASON JACKSON,

      Defendants-Appellees.

No. 11-7074
(D.C. No. 6:11-CV-00285-FHS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.


That 1956 Mercury coupe must be quite a car. Back in 1996, Herbert

Buckland made a gift of it to his son, Douglas. No doubt the son was thrilled. But

the car, its sharp chrome grille and hot red paint job, continued to weigh on the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

father's mind and a decade later he decided he wanted it back. Knowing his son wouldn't part with the car, Herbert stole it.

The son didn't go quietly. Wanting the car no less than his father, Douglas decided to sue. After much wrangling in state court, the son won a judgment against his father and, with the help of law enforcement officers, he recouped the coupe in April 2008. *See Buckland v. Buckland*, No. 57C01-0801-PL-001 (Noble County, Indiana Circuit Court, Jul. 22, 2009); ROA at 13-17.

But that car's hold on Herbert was powerful. For more than three years he stewed over its loss. Eventually, in August 2011, he filed a lawsuit of his own, this time a civil rights lawsuit in federal court. Herbert and his new wife Jane claimed that Douglas and various law enforcement officers who may (or may not) have helped with the repossession back in April 2008 violated state law and the United States Constitution, too.

When the district court dismissed their suit at the pleadings stage, Herbert and Jane appealed. But as the district court explained and we agree, most of their claims are untimely. In federal civil rights actions we borrow limitations periods from the forum state (here, Oklahoma). *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). And in this case that means Herbert and Jane had two years to file any claims arising from the April 2008 repossession. *Id*. Their lawsuit, filed in August 2011, came too late. On Herbert and Jane's one remaining and possibly timely claim — a claim arising not from the 2008 repossession but from complaints

the couple filed with authorities in 2009 (the so-called "failure to investigate" claim) — the Bucklands' opening appellate brief fails to challenge the district court's order dismissing it on the merits as a matter of law. And the failure to do so means we are left without any reason to reverse. *See, e.g.*, *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 n.10 (10th Cir. 2004) (issue not presented in opening brief is waived). With that, one might hope this unfortunate family dispute and its long running connection to the courts will finally come to rest.

Affirmed. The "Motion for Prejudgment Possession" is denied.

Entered for the Court


Neil M. Gorsuch
Circuit Judge